IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANDREW JOEY DELGADO,

    Plaintiff,

  v.                                                   No. CIV 15-00676-WJ-CG

NEW MEXICO DEPARTMENT OF
CORRECTIONS, GEO GROUP, INC.,
LEA COUNTY CORRECTIONAL
FACILITY, AND CORIZON MEDICAL
SERVICES, *in their individual and
official capacities*,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons set out below, Plaintiff's complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't*

*of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

 The complaint alleges that Defendants New Mexico Department of Corrections (the Department), GEO Group, Inc., Lea County Correctional Facility (LCCF), and Corizon Medical Services failed to provide Plaintiff with adequate, proper, and timely, medical care in violation of the Resident Abuse and Neglect Act, NMSA 1978, § 30-47-1, *et seq.* and the Eighth Amendment prohibition against cruel and unusual punishment.  [Doc. 1]  Specifically, the complaint alleges that Plaintiff broke his hand and wrist on May 3, 2014, but did not receive x-rays until May 23, 2014, and did not receive a splint for his broken hand and wrist until June 18, 2014.  [Doc. 1 at 4]  On November 10, 2014, Plaintiff was transported to University of New Mexico Hospital to see an orthopedist, who informed Plaintiff that his hand and wrist were "not treated in a timely manner and is why the bone in [his] wrist did not heal correctly."  [Doc. 1 at 4-5]  As a result, Plaintiff alleges that his wrist and possibly his hand are permanently damaged and he must endure "constant discomfort."  [Doc. 1 at 6]  The complaint seeks compensatory and punitive damages, as well as injunctive relief against retaliation for filing the present lawsuit.  [Doc. 1 at 9]

 No relief is available on Plaintiff's claims against the Department and LCCF.  "A

cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees of State Colleges of Colorado*, 215 F.3d 1168, 1172 (10th Cir. 2000). "[A] governmental entity that is an arm of the state for Eleventh Amendment purposes is not a "person" for section 1983 purposes." *Id.* (internal quotation marks and citation omitted). "Similarly, state-operated detention facilities do not have a separate legal identity from the state, and therefore are not 'persons' who have the capacity to be sued under § 1983." *Buchanan v. Oklahoma*, 398 F. App'x 339, 342 (10th Cir. Oct. 12, 2010) (unpublished). "In these circumstances, the barrier is not Eleventh Amendment immunity—'[t]he stopper [is] that § 1983 creates no remedy against a State." *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (unpublished) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997)). Therefore, Plaintiff's claims against the Department and LCCF will be dismissed.

Plaintiff's New Mexico Resident Abuse and Neglect Act claims also will be dismissed. The purpose of the Resident Abuse and Neglect Act "is to provide meaningful deterrents and remedies for the abuse, neglect or exploitation of care facility residents and to provide an effective system for reporting instances of abuse, neglect, or exploitation." NMSA 1978, § 30-47-2. A "resident" is "any person who resides in a care facility or who receives treatment from a care facility." NMSA 1978, § 30-47-3(I). The term "care facility" specifically excludes "a care facility located at or performing services for any correctional facility." § 30-47-3(B). Because Defendant complains about medical treatment received at a correctional facility, he was not a "resident" in a "care

3

facility" as those terms are defined by the statute.

Turning to Plaintiff's Eighth Amendment claims against the GEO Group, Inc. and Corizon Medical Services, the Court notes that a private entity acting under color of state law "'cannot be held liable *solely* because it employs a tortforeasor—or, in other words . . . cannot be held liable under § 1983 on a *respondeat superior* theory.'" *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (quoting *Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978)). Rather, to be liable under § 1983 the private entity must have "had an 'official . . . policy of some nature . . . that was the direct cause or moving force behind the constitutional violations." *Id.* at 1215 (internal quotation marks and citations omitted). Plaintiff's complaint fails to allege that the GEO Group, Inc. or Corizon Medical Services had an official policy or custom that caused the alleged Eighth Amendment violation. Therefore, Plaintiff's claims against the GEO Group, Inc. and Corizon Medical Services will be dismissed.

The Court will grant Plaintiff leave to file an amended complaint within twenty-one (21) days of the date of this Order. Plaintiff's amended complaint must "make clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original). Failure to comply with this Order may result in dismissal of this action without further notice.

IT IS THEREFORE ORDERED that Plaintiff's claims against the Department and LCCF are DISMISSED with prejudice; and the Department and LCCF are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that Plaintiff's Resident Abuse and Neglect Act

claims are DISMISSED with prejudice;

IT IS FURTHER ORDERED that Plaintiff's claims against the GEO Group, Inc. and Corizon Medical Services are DISMISSED without prejudice; and the GEO Group, Inc. and Corizon Medical Services are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that Plaintiff is granted leave to file an amended complaint, within twenty-one (21) days from the entry of this Order, identifying the individual(s) who allegedly violated his Eighth Amendment rights.

_____
UNITED STATES DISTRICT JUDGE