**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ANDREW JOEY DELGADO,

      Plaintiff,

   v.                                No. CIV 15-00676-WJ-CG

BIXENMEN LNU, JERRY ROARK,
LIZA ELIZONDO, JENECKA LNU,
DOUGLAS LNU, COOPER LNU,
CALVILLO LNU, GREGG
MARCANTEL,[1]

      Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Amended Civil Rights Complaint filed on November 23, 2015 [Doc. 12], First Amended Civil Rights Complaint filed on May 9, 2016 [Doc. 19], and Motion for Order Directing U.S. Marshals to Effect Service on All Defendants [Doc. 18], filed on May 9, 2016.  Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis.  For the reasons set out below, certain of Plaintiff's claims will be dismissed and Plaintiff's Motion for Order will be denied without prejudice.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently

---

[1] Defendants New Mexico Department of Corrections, GEO Group, Inc., Lea County Correctional Facility and Corizon Medical Services were dismissed from this action pursuant to the Court's October 29, 2015 Memorandum Opinion and Order.  [Doc. 10]

obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

On August 3, 2015, Plaintiff filed a Prisoner's Civil Rights Complaint pursuant to 42 U.S.C. § 1983 alleging that the New Mexico Department of Corrections ("the Department"), GEO Group, Inc., Lea County Correctional Facility ("LCCF"), and Corizon Medical Services, had failed to provide Plaintiff with adequate, proper, and timely medical care in violation of the Resident Abuse and Neglect Act, NMSA 1978, § 30-47-1, *et seq.* and the Eighth Amendment prohibition against cruel and unusual punishment. [Doc. 1]  In a Memorandum Opinion and Order entered on October 29, 2015, the Court dismissed Plaintiff's claims against the Department and LCCF, because they were not "persons" who had the capacity to be sued under § 1983. [Doc. 10 at 2-3]  The Court also dismissed Plaintiff's claims under the Resident Abuse and Neglect Act, because Plaintiff was not a "resident" in a "care facility" as those terms are defined by the statute. [Doc. 10 at 4]  Lastly, the Court dismissed Plaintiff's Eighth Amendment claims against the GEO Group, Inc. and Corizon Medical Services, because Plaintiff's complaint failed to allege that they had an official policy or custom that caused the alleged constitutional violation. [Doc. 10 at 5]   The Court granted Plaintiff leave to file an amended complaint that makes clear "exactly *who* is alleged to have done *what* to *whom*." [Doc. 10 at 5 (quoting *Robbins*

*v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)].

Plaintiff timely filed an Amended Prisoner's Civil Rights Complaint on November 23, 2015 [Doc. 12], followed by a First Amended Civil Rights Complaint on May 9, 2016 [Doc. 19]. In his First Amended Civil Rights [Doc. 19], Plaintiff alleges that Defendants Bixenman, Douglas, and Calvillo violated his right to be free from cruel and unusual punishment, because they denied and delayed medical treatment of his broken hand and wrist, resulting in pain, suffering, and permanent physical injury.  Plaintiff further alleges that Defendant Elizondo, the Grievance Coordinator, Defendant Cooper, the Activities Warden, Defendant Jenecka, the Deputy Warden, Defendant Marcantel, the Secretary of the New Mexico Department of Corrections, and Defendant Roark, the Deputy Director of Adult Prisons, violated his Eighth Amendment right to be free from cruel and unusual punishment, by failing to prevent and/or correct the deprivation and delay of medical care, despite the filing of multiple grievances, formal and informal complaints, and numerous appeals.  Plaintiff also contends that the actions of Defendants Roark and Marcantel violated various policies of the New Mexico Department of Corrections, as well as the contract between the New Mexico Department of Corrections and Corizon Medical Services.  Plaintiff's First Amended Complaint seeks temporary injunctive relief against retaliation for filing the present civil rights action, compensatory damages, and punitive damages.

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings and it provides that "[a] party may amend its pleading once as a matter of course . . . 21 days after serving it."  Fed. R. Civ. P. 15(a)(1)(A).  Plaintiff's civil rights complaint has not yet been served and, therefore, Plaintiff may amend his complaint once as a matter of right.  Thus, Plaintiff's First Amended Civil Rights Complaint [Doc. 19] is the operative complaint in this civil rights

action.  *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991) (noting that an "amended

complaint filed pursuant to Rule 15(a) . . . supersedes the original" complaint).

The First Amended Complaint alleges, in relevant part, that Defendants Roark and

Marcantel failed to enforce various departmental policies and contracts, in violation of Plaintiff's

Eighth Amendment right to be free from cruel and unusual punishment.  For example, the First

Amended Complaint alleges that Defendants Roark and Marcantel failed "to make sure a

physician and medical director was working the allotted number of [hours]" and failed "to make

sure sick call was being held 5 days a week and sick calls were being seen within 24 hours."

[Doc. 19 at 12]  It is well established that the "[l]iability of a supervisor under § 1983 must be

predicated on the supervisor's deliberate indifference, rather than mere negligence."  *Green v.*

*Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997).  Deliberate indifference only exists if the

defendant knew that "he [was] creating a substantial risk of bodily harm."  *Id.* (internal quotation

marks and citation omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding that

"a prison official cannot be found liable under the Eighth Amendment for denying an inmate

humane conditions of confinement unless the official knows of and disregards an excessive risk

to inmate health or safety; the official must both be aware of the facts from which the inference

could be drawn that a substantial risk of serious harm exists, and he must also draw the

inference.").  "An official's failure to alleviate a significant risk of which he was unaware, no

matter how obvious the risk or how gross his negligence in failing to perceive it, is not an

infliction of punishment and therefore not a constitutional violation."  *Tafoya v. Salazar*, 516

F.3d 912, 916 (10th Cir. 2008).

Plaintiff's First Amended Complaint fails to allege that Defendants Roark and Marcantel

were aware of Plaintiff's injured hand and wrist or the alleged deprivation and delay in the

provision of medical care until after the commencement of the grievance process.  Furthermore, Plaintiff's First Amended Complaint fails to allege that Defendants Roark and Marcantel were aware that various departmental policies and contractual requirements regarding the provision of medical care were not being followed, resulting in a substantial risk of bodily harm to the inmate population at Lea County Correctional Facility.  Instead, the First Amended Complaint simply alleges that Defendants Roark and Marcantel failed adequately to perform their duty to ensure that medical care was provided in accordance with the New Mexico Department of Corrections' written policies and contracts.  This allegation, standing alone, is insufficient to establish deliberate indifference.  *See Barney v. Pulsipher*, 143 F.3d 1299, 1311 (10th Cir. 1998) (holding that the mere existence of a policy is insufficient to establish deliberate indifference); *see also Porro v. Barnes*, 624 F.3d 1322, 1329 (10th Cir. 2010) (noting that "[p]olicies are often prophylactic, setting standards of care higher than what the Constitution requires").

The First Amended Complaint also alleges that Defendants Roark and Marcantel, as well as Defendants Elizondo, Cooper, and Jenecka, violated Plaintiff's Eighth Amendment rights by denying his informal grievances, formal grievances, and or appeals.  To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the alleged constitutional violation.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  It is well established that "a denial of a grievance, by itself without any connection to the violation of the constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."  *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Sherratt v. Utah Dep't of Corrections*, 545 F. App'x 744, 747 (10th Cir. 2013) ("Denial of a grievance or failure to properly investigate or process grievances, without any connection to the violation of constitutional rights alleged by the plaintiff, is not sufficient to establish personal participation

for purposes of a Section 1983 claim.") (unpublished).  The First Amended Complaint fails to

allege that these defendants personally participated in the decision to deny or delay medical

treatment in violation of the Eighth Amendment and, therefore, Plaintiff's Eighth Amendment

claims against them will be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim on

which relief may be granted.

 The First Amended Complaint seeks temporary injunctive relief against retaliation for

filing the present lawsuit.  [Doc. 19 at 15]  Plaintiff does not allege that any of the Defendants

have retaliated against him for filing the present civil rights action; rather Plaintiff seeks

temporary injunctive relief prophylactically to guard against the possibility of retaliation in the

future.  The possibility of future retaliation is simply too speculative to justify granting Plaintiff's

request for temporary injunctive relief.  *See RoDaDrilling Co. Siegal*, 552 F.3d 1203, 1210 (10th

Cir. 2009) (requiring irreparable harm for preliminary injunctive relief and noting that "purely

speculative harm will not suffice").  Therefore, Plaintiff's request for temporary injunctive relief

will be denied.

 The Court concludes that Plaintiffs' First Amended Complaint states a claim for relief

against Defendants Douglas, Bixenmen and Calvillo for the alleged deprivation of Plaintiff's

Eighth Amendment right to be free from cruel and unusual punishment.  Therefore, the Court

will direct the Clerk of the Court to mail notice and waiver of service forms to these Defendants.

Because the Court will give these Defendants an opportunity to waive service of process in

accordance with Fed. R. Civ. P. 4(d), Plaintiff's Motion For Order Directing U.S. Marshal's To

Effect Service on All Defendants [Doc. 18] will be denied without prejudice as premature.

 IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Roark,

Marcantel, Elizondo, Cooper, and Jenecka, are DISMISSED; and Defendants Roark, Marcantel,

Elizondo, Cooper, and Janecka are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that Plaintiff's request for temporary injunctive relief is

DENIED;

IT IS FURTHER ORDERED that Plaintiff's Motion For Order Directing U.S. Marshal's

To Effect Service on All Defendants [Doc. 18] is DENIED;

IT IS FURTHER ORDERED that the Clerk of the Court is directed to mail notice and

waiver of service forms, along with a copy of the First Amended Complaint [Doc. 19] and this

Memorandum Opinion and Order, to Defendants Douglas, Bixenmen, and Calvillo at the Lea

County Correctional Facility, 6900 West Millen, Hobbs, New Mexico, 88244.

_____

UNITED STATES DISTRICT JUDGE